UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

GIDEON LEWIS,

                Plaintiff,                              11-CV-8767 (KMW) (FM)
                                                                               **OPINION & ORDER**

    -against-

THE RICHARD AVEDON
FOUNDATION,

                Defendant.
------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

      Defendant, The Richard Avedon Foundation, moves to preclude Plaintiff, Gideon Lewin, from testifying at trial concerning his communications or transactions with his employer, the deceased photographer Richard Avedon, concerning ownership of approximately two dozen prints now in Plaintiff's possession. Defendant contends that such testimony at trial is barred by New York's dead man's statute.[1] For the reasons set forth below, the Court GRANTS Defendant's Motion in Limine, but reserves the right to change its ruling if Defendant opens the door at trial to otherwise prohibited testimony.

    I.      RELEVANT BACKGROUND

      In 2011, Plaintiff filed this lawsuit, seeking a declaration that he owns nearly two dozen unrecorded Richard Avedon prints. Defendant counterclaimed for conversion and replevin. The Court, in its summary judgment decision, dismissed Defendant's claim for conversion and

---

[1] The material includes prints from: the Minneapolis Portfolio (Doc No. 84 at ¶¶ 579-603); the Hollywood Prints (*id.* at ¶¶ 604-607); the Kim Novak transparency (*id.* at ¶¶ 570-73); The Graduate print (*id.* at ¶¶ 574-78); the Stravinsky Triptych (*id.* at ¶ 622); the Henry Miller print; the "contact-style" sheets of the model Jean Shrimpton (Doc No. 104 at ¶ 29); the "contact-style" sheet of former President Eisenhower (*id.*); and the Studio printers' notebooks (Doc No. 122 at ¶¶ 564-569).

replevin with respect to approximately 4,200 negatives Plaintiff possesses, finding the claim time-barred, but the Court reserved for trial the question of whether Plaintiff is the rightful owner of the unrecorded prints in his possession.  *See* [Doc. No. 165].

Defendant anticipates that Plaintiff will seek to testify at trial that Mr. Avedon gifted him the contested prints before Mr. Avedon's death in 2004.  Defendant argues that New York's dead man's statute bars Plaintiff from testifying about his communications and transactions with Mr. Avedon regarding the prints.  *See* [Doc. No. 184, 190].  Plaintiff disagrees, and argues that Defendant has waived application of the dead man's statute by introducing certain evidence in its summary judgment filings.  *See* [Doc. No. 188].

## II.    LEGAL STANDARD

New York's dead man's statute provides, in relevant part, as follows:

> Upon the trial of an action . . . a party or a person interested in the event . . . shall not be examined as a witness in his own behalf or interest . . . against the executor . . . of a deceased person . . . concerning a personal transaction or communication between the witness and the deceased person . . . except where the executor . . . is examined in his own behalf, or the testimony of a . . . deceased person is given in evidence . . . , concerning the same transaction or communication.

N.Y. C.P.L.R. 4519.

New York's dead man's statute applies to state law claims adjudicated in federal court. *See Rosenfeld v. Basquiat*, 78 F.3d 84, 88 (2d Cir. 1996).  The statute deems testimony from an interested party "inadmissible where death has prevented the estate from giving its version of the events."  *Id.* at 92; *see also Fireman's Fund Ins. Co. v. Wilner*, No. 10-CV-597, 2012 WL 628504, at *4 (E.D.N.Y. Feb. 27, 2012) (quoting *In re Zalk*, 892 N.E.2d 369, 374 (2008)) (noting that the dead man's statute aims "to protect the estate of the deceased from claims of the living who, through their own perjury, could make factual assertions which the decedent could not refute in court.").

In New York, a party waives the protection of the dead man's statute when the executor of the deceased testifies, on direct examination at trial, to the personal transaction or communication at issue. *See Matter of Wood's Estate*, 418 N.E.2d 365, 367 (N.Y. 1981). The interested party may then provide his or her account of that same transaction or communication in response. However, "the waiver provision of the statute is construed narrowly." *Clark v. Meyer*, 188 F. Supp. 2d 416, 421 (S.D.N.Y. 2002) (Kaplan, J.); *see also Martin v. Hillen*, 36 N.E. 803, 804 (N.Y. 1894) (noting that when an interested party is permitted to testify to the transaction or communication, that testimony "must be confined strictly to the same transaction or communication to which the executor or administrator has already testified in his own behalf.").

### III.  DISCUSSION

#### A.  The Dead Man's Statute Applies

The dead man's statute applies to disputed claims here, because the claims are governed by New York state law and Plaintiff is an interested party. First, Plaintiff's claim for declaratory judgment as to ownership of the unrecorded prints and Defendant's counterclaims for conversion and replevin are governed by state law. *See Hoelzer v. City of Stamford, Conn.*, 933 F.2d 1131, 1135-38 (2d Cir. 1991) (applying New York state law to declaratory judgment action concerning ownership of murals); Fed. R. Evid. 601 (". . . state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."). Second, Lewin is clearly an interested party who may not testify to any personal transaction or communication he had with Mr. Avedon, unless Defendant has waived the protection of the dead man's statute.

B.  <u>Defendant Has Not Waived the Statute's Application</u>

Plaintiff's only argument against application of the dead man's statute—that Defendant waived the statute's application at trial by including in its summary judgment filings otherwise excludable evidence—fails for two reasons: (1) evidence submitted in connection with summary judgment does not effectuate a waiver at trial of the protection of the dead man's statute; and (2) even if it did, none of the referenced evidence concerned the specific transactions and communications at issue here.[2]

First, Defendant cannot waive application of the dead man's statute before trial begins. The New York Court of Appeals and Judge Koeltl have noted that, by its very language, the dead man's statute "may not be asserted or waived until the trial." *Phillips v. Joseph Kantor & Co.*, 31 N.Y.2d 307, 313 (1972); *Pro Bono Investments, Inc. v. Gerry*, No. 03-CV-4347, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008) (Koeltl, J.) ("The fact that Federal Rule of Civil Procedure 56(e) requires exclusion of evidence on summary judgment motions which the dead man's statute would exclude at trial is a separate issue from whether submitting such evidence in connection with a motion for summary judgment effectuates a waiver of the benefit of the dead man's statute through trial.").

Second, even if evidence offered in connection with summary judgment could effectuate a waiver of the statute's protections at trial, which it cannot, none of the evidence submitted by Defendant concerned the specific transactions and communications at issue here. *See Clark*, 188 F. Supp. 2d at 421 (finding no waiver based on testimony concerning "unspecified communications" lacking any link to the "transaction or communication" at issue). None of the generalized evidence that Plaintiff cites includes testimony about whether Mr. Avedon gifted

---

[2] While not relevant to Defendant's Motion in Limine, the Court acknowledges Plaintiff's potential statute of limitations argument. *See* (Pl.'s Opp'n to Def.'s Mot. in Lim., 2-4 [Doc. No. 188]).

4

Plaintiff the contested prints.[3]  The only specific testimony Plaintiff identifies was elicited by Plaintiff pretrial and thus cannot serve as waiver of the dead man's statute's protections.[4]  *See Sepulveda v. Aviles*, 762 N.Y.S.2d 358, 366 (1st Dep't 2003) ("[T]he rule is that testimony elicited on cross-examination of a personal representative of the deceased by the adverse party does not waive the protections of the statute."); *Sklaire v. Turner's Estate*, 12 A.D.2d 386, 388 (3d Dep't 1961)) (("[C]ross-examination of the personal representative or survivor . . . does not 'open the door' to the adverse party to testify concerning the same transaction, as in such a case the personal representative or survivor is not 'examined in his own behalf' within the meaning of the exception.").  Therefore, Defendant has not waived its right to invoke the dead man's statute.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine is GRANTED.  The Court reserves the right to change its ruling if Defendant waives the statute's application during trial through the introduction of evidence.

The Court urges the parties to make a final attempt to settle their remaining claims, and the parties shall inform Court of their joint decision about pursuing settlement by April 1, 2016.

SO ORDERED.

DATED:    New York, New York
          March 25, 2016

---

[3] Plaintiff argues that Defendant's submission of the following evidence before trial effectuates a waiver of the dead man's statute: "'The contact sheets that Mr. Avedon reviewed and the Work Prints were all typically destroyed and Studio employees were expected to shred any other materials that Mr. Avedon instructed them to destroy'; the Studio's policies prohibited the removal of negatives, contact sheets, prints, photographs, and notebooks from the premises and kept as a Studio personal property; 'Mr. Avedon rarely gifted his prints to the Studio Staff'; 'Of the at least 21 Avedon prints currently in Mr. Lewin's possession, only two of them are recorded as gifts in the Registry that Mr. Avedon's Studio maintained, and both are signed'; and 'Lewin told Laura Avedon that Mr. Avedon only gifted him signed prints and that he never received unsigned prints because it was against Studio policy' which Lewin denied saying." (Pl.'s Opp'n to Def.'s Mot. in Lim., 1-2) (internal citations omitted).

[4] Plaintiff improperly argues that a Defense witness's deposition testimony constitutes a waiver. *Id.*

/s/
KIMBA M. WOOD
United States District Judge